JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Magali Barillas

**DEFENDANTS**
County of Lehigh

**(b)** County of Residence of First Listed Plaintiff   Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hahalis & Kounoupis, P.C., 20 E Broad St, Bethlehem, PA 18018
610-865-2608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, as amended, 42 U.S.C. §12101 et seq. and FMLA, 29 U.S.C. § 2601 et seq.
Brief description of cause:
Disability-based discrimination and retaliatory practices, as well as other improper conduct

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/17/2019
SIGNATURE OF ATTORNEY OF RECORD: */s/ [signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __841 N. Sherman St., Allentown, PA 18109__

Address of Defendant: __17 South 7th St., Allentown, PA 18101__

Place of Accident, Incident or Transaction: __Allentown, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐   No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐   No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐   No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __06/17/2019__   *(signature)*   __312324__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Rebecca E. Mitchell__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __06/17/2019__   *(signature)*   __312324__
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Magali Barillas | : | CIVIL ACTION |
| v. | : | |
| County of Lehigh | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| June 17, 2019 | Rebecca E. Mitchell, Esq. | Plaintiff, Magali Barillas |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-865-2608 | 610-691-8418 | hklaw@ptd.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAGALI BARILLAS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| **COUNTY OF LEHIGH,** | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Magali Barillas (hereinafter "Plaintiff"). Plaintiff is an employee of the County of Lehigh (hereinafter "Lehigh") in Allentown, Pennsylvania, who has been harmed by disability-based discrimination and retaliatory practices, as well as other improper conduct by Lehigh.

This action is brought under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States, and in particular the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Lehigh County, Pennsylvania.

3. All conditions precedent to the institution of this suit have been fulfilled.

4. Plaintiff has invoked the procedure set forth in the ADA. On or about July 6, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Lehigh alleging, inter alia, disability-based employment discrimination and retaliation. On March 19, 2019, a Notice of Right to Sue was issued by the EEOC.

5. This action has been filed within ninety (90) days of receipt of said Notice.

6. As to the FMLA claim, this action has been filed within two (2) years of the last violation of the FMLA.

## III. PARTIES

7. Plaintiff is a 47-year-old female citizen and resident of the Commonwealth of Pennsylvania. Plaintiff at all times relevant herein was employed by Lehigh.

8. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

9. At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

10. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

11. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

12. Lehigh is a county of the third class located in southeastern Pennsylvania with the city of Allentown as its county seat, and is a Home Rule Charter form of local government.

The Lehigh County Department of Corrections operates the Lehigh County Jail.

13. At all times relevant herein, Lehigh was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

14. At all times relevant herein, Lehigh was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

15. At all times relevant hereto, Lehigh acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

16. Lehigh has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of disability-based harassment, disability-based discrimination, and retaliation.

17. At all relevant times herein, Lehigh knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

18. At all times material hereto, Lehigh employed more than fifteen employees.

19. At all times material hereto, Lehigh employed more than fifty employees within a seventy-five mile radius.

## IV. CAUSES OF ACTION

20. Plaintiff is a 47-year-old female employee hired by Lehigh on or around February 27, 2006 as a Corrections Officer.

21. At all times relevant hereto, Plaintiff was qualified for her position and performed her job duties in a proper and competent manner.

22. At all times relevant hereto, Plaintiff's supervisors were Janine Donate ("Donate"), then Warden of Lehigh County Jail, now Lehigh County Director of Corrections; Deputy Warden for Security Robert McFadden ("McFadden"), and Darbe George ("George"), Human Resources.

23. In or around February 2017, Plaintiff was diagnosed with a medical condition that required hospitalization. Lehigh was on specific notice of Plaintiff's condition, as she requested FMLA leave, which Lehigh purported to grant, and at all times was in contact with Donate and George.

24. Plaintiff's serious medical condition is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limited her in one or more major life activities, including digestion, the processing of bodily waste, and the expulsion of intestinal material.

25. Plaintiff was able to perform all of the essential functions of her position with or without accommodation, and Plaintiff was able to return to work within a month.

26. However, on or about September 12, 2017, Plaintiff began experiencing complications as a result of her medical condition, and ultimately required a surgical procedure.

27. Lehigh again had specific notice of Plaintiff's condition, as she requested FMLA leave and accommodation by way of leave after the expiration of her FMLA leave, which Lehigh purported to grant.

28. Plaintiff was released to full duty on or about December 17, 2017, and provided Lehigh with a note from her treating provider on or about December 12, 2017, indicating that she had no restrictions.

29. The note, however, indicated that Plaintiff had a stoma.

30. George contacted Plaintiff, and indicated that Lehigh had "concerns" about Plaintiff returning to work with the stoma. Specifically, McFadden questioned what would happen if the stool "came out."

31. Plaintiff explained that she would only possibly need extra time in the restroom, that she would be protected from impact by a stoma guard, and that she was not "contagious."

32. Plaintiff's union representative offered to cover the cost of a stoma guard, and the stoma guard proposed was specifically listed as being ideal for active duty police officers, firefighters, and military personnel.

33. Despite being provided with this information, and without engaging in the ADA's mandated interactive process to conduct an individualized assessment of Plaintiff's abilities, Lehigh refused to permit Plaintiff to return to work.

34. In response, Plaintiff's treating provider wrote another note clearing her to return to work.

35. On or about December 19, 2017, Plaintiff advised George that her doctor wrote another note clearing her to return to work.

36. George became agitated, raising her voice, and stating that another "excuse" wasn't needed.

37. As a result, Plaintiff had to request an extension of her leave, and George informed Plaintiff that she would be terminated if she did not return by March 13, 2018.

38. Lehigh ultimately extended this deadline to May 13, 2018.

39. Feeling that she had no choice given the imminent termination of her job, Plaintiff underwent a surgical reversal more quickly than recommended in or around spring 2018.

40. On or about April 9, 2018, Plaintiff sent a letter to Edward Hozza, Director of Administration for Lehigh, engaging in protected conduct, and, inter alia, asserting that she had been discriminated against in violation of the ADA.

41. Plaintiff's treating physician again released her to return to work on May 27, 2018.

42. This time, however, Lehigh accepted the doctor's note and permitted Plaintiff to return to work.

43. Shortly after her return to work, in or around July 2018, Plaintiff was notified that there was a "perception" by McFadden that she was being given "special treatment" with regard to assignments.

44. Following this notification, Plaintiff has only been given assignments that bring her into direct contact with Lehigh's inmate population.

45. Plaintiff has objected and requested rotation of assignments, which is given to every other corrections officer. Lehigh, however, has failed to take any remedial action.

46. Plaintiff believes and therefore avers that the failure of Lehigh to return her to work following her release on December 17, 2017 was a violation of the ADA due to the aforementioned conduct.

47. Plaintiff believes and therefore avers that the failure to rotate her assignments and requiring her to work in constant contact with inmates is in retaliation for her having exercised her rights under the ADA and FMLA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA and FMLA.

48. Lehigh's failure to return Plaintiff to work on December 17, 2017 despite having a release from her treating physician was in retaliation and/or discrimination for Plaintiff having exercised her FMLA rights. See 29 U.S.C. § 2615(a), 29 C.F.R. § 825.220(c).

49. Plaintiff was treated in a different and disparate manner with regard to workplace standards than other employees.

50. Specifically, Plaintiff is aware of accommodations being granted to other employees, yet Lehigh failed to engage in the ADA's mandated interactive process to perform an individualized assessment to determine what her capabilities were.

51. Lehigh was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

52. As a direct result of the hostile and antagonistic conduct by Lehigh's supervisory employees, Plaintiff was deprived of her employment following her December 17, 2017 release.

53. Plaintiff's longevity pay has been delayed by the time that Plaintiff was wrongfully held out of work by Lehigh.

54. Following her return, Lehigh has improperly counted days Plaintiff has had to take due to flare-ups of her condition—which are covered by the ADA—under Lehigh's sick leave and tardiness control policy, resulting in an accumulation of points warranting a one-day suspension to occur June 18, 2019.

55. As a direct result of Lehigh's conduct, Plaintiff has been irrevocably damaged.

56. As a direct result of Lehigh's above-stated conduct, Plaintiff has suffered ongoing back-pay and front-pay losses.

57. As a direct result of Lehigh's above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

58. As a direct result of Lehigh's above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. LEHIGH
## **VIOLATION OF THE ADA**

59. Paragraphs 1 through 58, inclusive, are incorporated by reference as if fully set forth at length herein.

60. At all times relevant herein, Plaintiff was disabled, had a record of a disability, and was regarded as and/or perceived as disabled by Lehigh.

61. Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

62. By reason of the conduct set forth above, Lehigh intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

63. By its actions and inactions through its agents, servants, and representatives, Lehigh created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

64. As a direct result of Plaintiff's disability and/or request for accommodation, Lehigh failed to return Plaintiff to work following her December 17, 2017 release.

65. Lehigh's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF v. LEHIGH
## RETALIATION UNDER THE ADA

66. Paragraphs 1 through 65 inclusive, are incorporated by reference as if fully set forth at length herein.

67. By the acts complained of, Lehigh has retaliated against Plaintiff for exercising her rights under the ADA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA.

68. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Lehigh's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. LEHIGH
## VIOLATION OF THE FMLA

69. Paragraphs 1 through 68, inclusive, are incorporated by reference as if fully set forth at length herein.

70. Lehigh's actions as set forth above constitute a violation of the Family and Medical Leave Act, including without limitation 29 U.S.C. § 2615(a), and 29 C.F.R. § 825.220(c).

71. Lehigh's failure to reinstate Plaintiff to her position following her December 17, 2017 release interfered with entitlements guaranteed to Plaintiff by the FMLA.

72. The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

## V. **PRAYER FOR RELIEF**

73. Paragraphs 1 through 72 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Lehigh and requests that this Court:

    (a) Exercise jurisdiction over her claims;

    (b) Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, and severe emotional trauma;

    (c) Issue declaratory and injunctive relief declaring the above-described practices to be

unlawful, and enjoining their past and continued effects;

(d) Order Lehigh compensate Plaintiff with a rate of pay and other benefits and emoluments to employment to which she would have been entitled had she not been subject to unlawful discrimination and/or retaliation;

(e) Order Lehigh compensate Plaintiff with an award of front pay, if appropriate;

(f) Order Lehigh compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(g) Order Lehigh pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(h) Order Lehigh pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(i) The Court award such other relief as is deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

                          HAHALIS & KOUNOUPIS, P.C.

                          By: _____
                          GEORGE S. KOUNOUPIS, ESQUIRE
                          REBECCA E. MITCHELL, ESQUIRE
                          20 East Broad Street
                          Bethlehem, PA 18018
                          (610) 865-2608
                          Attorneys for Plaintiff

Dated: June 17, 2019